IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RASHEENA PHINISEE, Individually and on behalf of A.P., a minor, as her parent and natural guardian,<br>      Plaintiffs, | : : : : : | CIVIL ACTION |
| v. | : : | |
| DEREK LAYSER, ESQ., et al.,<br>      Defendants. | : : | No. 14-3896 |

### MEMORANDUM

Schiller, J.                                                                                            September 22, 2014

      Plaintiff Rasheena Phinisee, individually and on behalf of her minor child, was represented by Defendants Derek Layser, Esq., and Gilbert Spencer, Jr., Esq., and their respective law firms, Layser & Freiwald, P.C., and Spencer & Associates, and obtained a $1.2 million settlement against the United States arising from alleged medical malpractice by a federally-funded health care clinic. Plaintiffs now sue Defendants for negligence, breach of fiduciary duty, fraudulent and negligent misrepresentation, and breach of contract, alleging that Defendants induced Phinisee to settle the lawsuit for significantly less than the value of the claim. Defendants have moved to dismiss Plaintiffs' Amended Complaint for failure to state a claim for which relief can be granted. For the following reasons, the Court grants Defendants' motions and dismisses Plaintiffs' Amended Complaint, with prejudice.

### I.    BACKGROUND

      In July 2008, Phinisee retained Defendant Gilbert Spencer, Jr., Esq., and his law firm, Defendant Spencer & Associates, to represent her and her minor daughter, A.P. (Pls.' Am. Compl. ¶ 13.) Spencer and Spencer & Associates filed a lawsuit against the United States in

2008, alleging medical malpractice by employees of a federally-funded health care clinic. (*Id.* ¶¶ 14-15.) During the course of the litigation, Plaintiffs were also represented by Defendant Derek Layser, Esq., and his law firm, Layser & Freiwald, P.C. (*Id.* ¶ 16.)

On April 19, 2012, a settlement conference was held before Magistrate Judge Thomas J. Rueter. (*Id.* ¶ 17.) Plaintiffs allege that during the settlement conference, Spencer and Layser misrepresented to Phinisee that she did not have a right to assert a claim on her own behalf to recover medical expenses incurred for the care of her daughter. (*Id.* ¶ 50.) Plaintiffs also claim that Spencer and Layser failed to notify Phinisee that she was responsible for the costs of caring for her daughter until her daughter reached the age of majority. (*Id.*) Furthermore, Plaintiffs allege that Spencer and Layser convinced Phinisee that the negligence claim was "tenuous," when, according to Plaintiffs, the evidence of liability was "rock-solid, almost to the point of being overwhelming." (*Id.* ¶ 53.) According to Plaintiffs, Spencer and Layser withheld an expert report and deposition transcript of Dr. Van Thiel which strongly supported Plaintiffs' case. (*Id.* ¶¶ 52-53.) Consequently, on the advice of Defendants, Phinisee made a settlement offer of $1.2 million, which the Government accepted subject to approval by the Attorney General's designee. (*Id.* ¶ 20.)

The evening after the settlement conference, Phinisee apparently discovered through online research that Medicaid had a lien on the settlement funds. (*Id.* ¶ 21.) The next morning, Phinisee informed Spencer that she wished to rescind her offer. (*Id.*) Over the next six days, Phinisee repeatedly emailed Spencer, restating her desire to go to trial and alleging that he had misinformed her about the consequences of the Medicaid lien. (*Id.* ¶¶ 22-25.) On April 27, 2012, Phinisee discharged Defendants and filed a *pro se* motion to reopen. (*Id.* ¶¶ 26-27.) Phinisee later

filed documents entitled "Petition to Remand Civil Action" and "Motion to Terminate Counsel as Acting Attorney of Record." (*Id.* ¶ 28.)

On May 15, 2012, the Government filed a motion to enforce the settlement, although the Attorney General's designee had not yet officially approved the settlement. (*Id.* ¶¶ 29-30.) In response, Spencer and Layser filed several motions which Plaintiffs claim were directly adverse to their positions. (*Id.* ¶¶ 31-34.) On June 5, 2012, the Government filed a notice that the Attorney General's designee had officially approved the settlement offer. (*Id.* ¶ 36.) On August 6, 2012, following an evidentiary hearing, Magistrate Judge Jacob Hart granted the Government's motion to enforce the settlement. (*Id.* ¶¶ 38-39.) Magistrate Judge Hart concluded that Defendants had adequately explained the Medicaid lien to Phinisee, and there was no question of fraud or duress which might vitiate the settlement. (Defs. Layser and Layser & Freiwald's Mot. to Dismiss Pls.' Am. Compl. [Defs.' Mot.], Ex. A [Order and Op. Granting Gov't's Mot. to Enforce Settlement] at 8.) Two days later, Spencer and Layser filed a minor's compromise petition on behalf of Phinisee's daughter. (Pls.' Am. Compl. ¶¶ 40-41.) The court granted the petition on September 4, 2012, and denied Plaintiffs' motion for reconsideration. (*Id.* ¶ 43.) The Third Circuit affirmed the district court's rulings on February 21, 2014. (*Id.* Ex. A.)

II. STANDARD OF REVIEW

In reviewing a motion to dismiss for failure to state a claim, a district court must accept as true all well-pleaded allegations and draw all reasonable inferences in favor of the non-moving party. *See Powell v. Weiss*, 757 F.3d 338, 341 (3d Cir. 2014). A court need not, however, credit "bald assertions" or "legal conclusions" when deciding a motion to dismiss. *Anspach ex*

*rel. Anspach v. City of Phila., Dept. of Public Health*, 503 F.3d 256, 260 (3d Cir. 2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Although the Federal Rules of Civil Procedure impose no probability requirement at the pleading stage, a plaintiff must present "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a cause of action. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Simply reciting the elements will not suffice. *Id*. (holding that pleading that offers labels and conclusions without further factual enhancement will not survive motion to dismiss); *see also Phillips*, 515 F.3d at 231.

The Third Circuit Court of Appeals has directed district courts to conduct a two-part analysis when faced with a motion to dismiss for failure to state a claim. First, the legal elements and factual allegations of the claim should be separated, with the well-pleaded facts accepted as true but the legal conclusions disregarded. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Second, the court must make a common sense determination of whether the facts alleged in the complaint are sufficient to show a plausible claim for relief. *Id.* at 211. If the court can only infer the possibility of misconduct, the complaint must be dismissed because it has alleged—but failed to show—that the pleader is entitled to relief. *Id.*

### III.   DISCUSSION

#### A.   Plaintiffs' Negligence, Breach of Fiduciary Duty, Negligent Misrepresentation, and Breach of Contract Claims

Plaintiffs' negligence, breach of fiduciary duty, negligent misrepresentation, and breach of contract claims are barred as a matter of law by the Pennsylvania Supreme Court's decision in *Muhammad v. Strassburger, McKenna, Messer, Shilobod and Gutnick*, 587 A.2d 1346 (Pa. 1991). In *Muhammad*, the plaintiffs, represented by the defendants, agreed to accept a $26,500 settlement offer. *Id.* at 1347. At some point thereafter, the plaintiffs became dissatisfied with the amount of the settlement. *Id.* After the trial court upheld the settlement agreement, the plaintiffs sued the defendants, alleging negligence, breach of fiduciary duty, fraudulent misrepresentation and concealment, and breach of contract, among other claims. *Id.* at 1348 n.1. The court held that dissatisfied plaintiffs may not sue their attorneys for negligence, breach of fiduciary duty, or breach of contract, in the hopes of recovering additional monies, following a settlement to which the plaintiffs agreed. *Id.* at 1351. However, plaintiffs may allege that their attorneys fraudulently induced them to settle the original action. *Id.* at 1352.

Here, Plaintiffs' non-fraud claims are nothing more than an expression of dissatisfaction with the settlement amount and an attempt to recover additional monies. Indeed, this appears to be Plaintiffs' entire theory of damages. (Pls.' Am. Compl. ¶ 61 ("As a direct and proximate result of defendants' negligence, Phinisee settled the lawsuit for value significantly less than the value of the case . . . ."); *id.* ¶ 71 (same).) The gravamen of Plaintiffs' complaint is that had Defendants properly performed their duties, Phinisee would have held out for more money or proceeded to trial. Plaintiffs make no allegations that they suffered damages because of the Defendants' failure to advise Phinisee of the legal consequences or effects of the settlement itself. *Cf. McMahon v. Shea*, 688 A.2d 1179, 1182 (Pa. 1997) (concluding that *Muhammad* did not bar a legal

malpractice lawsuit by a plaintiff whose attorney failed to advise him that a prior alimony agreement was not merged into the final divorce decree, thus requiring him to pay alimony to his remarried ex-wife). In this case, since Phinisee is obligated to satisfy the Medicaid lien regardless of the amount of her recovery, Plaintiffs' only remedy is to recoup additional money reflecting a hypothetically larger settlement or jury award. Remarkably, Plaintiffs make no attempt to distinguish or address the applicability of *Muhammad* in any of the pleadings. Therefore, this Court finds that Plaintiffs' negligence, breach of fiduciary duty, negligent misrepresentation, and breach of contract claims merely challenge the adequacy of the settlement amount, and are not claims for which relief can be granted under Pennsylvania law.

### B. Plaintiffs' Fraudulent Misrepresentation and Concealment Claim

Plaintiffs' fraudulent misrepresentation and concealment claim is barred by the doctrine of collateral estoppel. Collateral estoppel forecloses relitigation of issues of law or fact which were actually litigated and necessary to the original judgment. *Clark v. Troutman*, 502 A.2d 137, 139 (Pa. 1985). Under Pennsylvania law, collateral estoppel bars litigation of an issue if: (1) the identical issue has been decided in a prior action; (2) there has been a final judgment on the merits; (3) the party against whom estoppel is asserted was a party, or in privity with a party, to the prior litigation; and (4) the party against whom estoppel is asserted had a full and fair opportunity to litigate the issue in question. *Perelman v. Perelman*, Civ. A. No. 09-4792, 2013 WL 1842234, at *6 (E.D. Pa. May 2, 2013). A litigant who was not a party to a prior judgment may use a prior judgment "offensively" to estop an opposing party from relitigating issues that were decided in the previous proceeding. *See Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 332-33 (1979). If a plaintiff is estopped from litigating a claim, the court may dismiss it for failure to state a claim. *See Rycoline Prods., Inc., v. C&W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997).

Plaintiffs' allegations of fraud, and most of the allegations throughout the Amended Complaint, are nothing more than an attempt to relitigate issues that were decided adversely to their position in the prior proceeding before Magistrate Judge Hart. In concluding that the settlement agreement between Plaintiffs and the United States was valid, Judge Hart specifically determined that "there is no question of fraud or duress here, which would vitiate [Plaintiffs'] consent." (Order and Op. Granting Gov't's Mot. to Enforce Settlement, at 8.) Magistrate Judge Hart concluded that Defendants adequately explained the existence and consequences of the Medicaid lien to Phinisee. (*Id.*) Magistrate Judge Hart further concluded that the idea that Phinisee could have recovered more money by asserting a claim in her own name was "illusory." (*Id.* at 12.) These findings were necessary to determine whether there was truly a "meeting of the minds" necessary for the settlement agreement to be enforceable. Consequently, Plaintiff may not now come before this Court, under the guise of a fraud claim, and relitigate these same issues of law and fact that were already decided by Magistrate Judge Hart.

## IV.   CONCLUSION

For the foregoing reasons, the Court finds that Plaintiffs' Amended Complaint fails to state a claim for which relief can be granted. Therefore, the complaint must be dismissed in its entirety, with prejudice. An Order consistent with this Memorandum will be docketed separately.