### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RASHEENA PHINISEE, Individually** | : | |
| **and on behalf of A.P., a minor, as her** | : | **CIVIL ACTION** |
| **parent and natural guardian,** | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **DEREK LAYSER, ESQ., et al.,** | : | **No. 14-3896** |
| **Defendants.** | : | |

<u>**MEMORANDUM**</u>

**Schiller, J.**                                                                 **December 16, 2014**

On September 22, 2014, this Court dismissed Plaintiffs' legal malpractice claim for failure to state a claim. Presently before the Court are Defendants' motions for sanctions against Dennis Friedman, Esq., counsel for Plaintiffs in this action. Defendants request that this Court impose sanctions against Friedman pursuant to Federal Rule of Civil Procedure 11 and Pennsylvania Rule of Civil Procedure 1042.9. For the following reasons, Defendants' motions are denied.

## I.        BACKGROUND

Plaintiffs filed this action in the Philadelphia Court of Common Pleas on June 10, 2014. Defendants Layser and Layser & Freiwald, P.C. (the "Layser defendants") removed the case to this Court on June 24, 2014. As required by Pennsylvania law, Friedman filed a timely certificate of merit on August 11, 2014, asserting that an appropriate licensed professional had determined that there was a reasonable probability that Defendants' conduct fell outside acceptable professional standards, and such conduct harmed Plaintiffs. Defendants Spencer and Spencer & Associates (the "Spencer defendants") then moved to dismiss Plaintiffs' Amended Complaint on

August 18, 2014, and the Layser defendants likewise moved to dismiss the following day. Before moving to dismiss, counsel for each Defendant sent a Rule 11 letter to Friedman, stating their beliefs that Plaintiffs' claims were meritless and requesting that he withdraw Plaintiffs' complaint. (Spencer Defs.' Rule 11 Mot. for Sanctions Ex. A; Layser Defs.' Mot. for Sanctions [Layser Defs.' Mot.] Ex. A.) Friedman did not respond to the Rule 11 letters and instead responded to the motions for sanctions on September 11, 2014. (Layser Defs.' Mot. ¶ 10.)

On September 22, 2014, this Court granted Defendants' Motions to Dismiss for failure to state a claim, concluding that Plaintiffs' claims were barred by *Muhammad v. Strassburger, McKenna, Messer, Shilobod, and Gutnick*, 587 A.2d 1346 (Pa. 1991), as well as by principles of res judicata. *Phinisee v. Layser*, Civ. A. No. 14-3896, 2014 WL 4682077 (E.D. Pa. Sept. 22, 2014). Shortly thereafter, Defendants filed the motions for sanctions presently before this Court. Prior to responding to the motions for sanctions, Plaintiffs' counsel filed a motion for reconsideration, which the Court denied on November 5, 2014. *Phinisee v. Layser*, Civ. A. No. 14-3896, 2014 WL 5780935 (E.D. Pa. Nov. 5, 2014). Apparently still not satisfied, Plaintiffs' counsel filed a second motion to reconsider, which was summarily denied.

After Defendants' motions to dismiss were granted, Defendants requested, and Plaintiffs' counsel produced, the written statement upon which the certificate of merit was based. (Layser Defs.' Mot. ¶ 13.) In the statement, Attorney Stephen A. Seidel opined that the care, skill, or knowledge exercised by Defendants fell outside acceptable professional standards. (Spencer Defs.' Mot. for Sanctions Ex. C [Seidel Statement], at 1.) Specifically, Seidel stated that Defendants "disregarded the instructions of their client and advocated against the interest of their client after they had been discharged as counsel," and "continued to move to settle the case after their client had rejected the settlement." (*Id.* at 1-2.)

## II.     DISCUSSION

### A.     Sanctions Pursuant to Federal Rule of Civil Procedure 11

Defendants argue that the Court should impose Rule 11 sanctions on Plaintiffs' counsel for filing a complaint containing unsupported factual allegations and meritless legal claims. Rule 11 requires counsel to certify that all pleadings, motions, or papers (1) are not being presented for any improper purpose, such as harassment, delay, or increasing litigation costs, and (2) contain claims, defenses, and other legal contentions that are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. Fed. R. Civ. P. 11(b). The standard for evaluating an attorney's conduct under Rule 11 is objective reasonableness under the circumstances, which requires counsel to conduct a reasonable investigation of the facts and a normally competent level of legal research. *Simmerman v. Corino*, 27 F.3d 58, 62 (3d Cir. 1994). The mere failure of a complaint to survive a motion to dismiss does not by itself establish a violation of Rule 11. *Id.*

Here, the Court concludes that Rule 11 sanctions are not warranted by Plaintiffs' counsel's behavior. Plaintiff's counsel often strayed dangerously close to the line between zealous advocacy and harassment. For example, Plaintiff's second successive motion to reconsider merely restated arguments from the first motion to reconsider. However, the Court does not conclude that Plaintiffs' counsel acted in bad faith or with intent to harass Defendants or to increase litigation costs. In addition, while Plaintiffs' counsel's failure even to acknowledge the existence of *Muhammad* or its progeny in the response to Defendants' motions to dismiss was perplexing, Plaintiffs' first motion for reconsideration at least attempted to distinguish the present case from *Muhammad*. Though the Court ruled against Plaintiffs on this issue, the Court nevertheless finds that Plaintiffs' counsel engaged in a reasonably competent level of legal

research and generally supported his claims with nonfrivolous legal arguments. Therefore, the Court declines to impose Rule 11 sanctions on Plaintiffs' counsel.

### B.        Sanctions under Pennsylvania Rule of Civil Procedure 1042.3

Under Pennsylvania Rule of Civil Procedure 1042.3:

> In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff . . . shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party that . . . (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm . . . .

Rule 1042.3 is substantive law that federal courts must apply. *Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 265 (3d Cir. 2011). A separate certificate of merit must be filed for each defendant against whom a claim is asserted. Pa. R. Civ. P. No. 1042.3(b)(1). A court may impose sanctions on an attorney who improperly certifies that an appropriate licensed professional has supplied a written statement containing the legal opinion upon which the certificate of merit is based. Pa. R. Civ. P. No. 1042(9)(b).

Defendants first argue that the written statement supplied by Seidel was so deficient as to render Plaintiffs' certificate of merit essentially false. The Court agrees with Defendants that Seidel's statement was a woefully inadequate evaluation of the merits of the case. The statement merely suggests that Defendants violated the Pennsylvania Rules of Professional Conduct by engaging in conduct contrary to the interests of their clients. A violation of the Pennsylvania Rules of Professional Conduct, by itself, is not a basis for legal malpractice liability. *Struck v. Binns*, Civ. A. No. 94-4835, 1995 WL 57481, at *6 (E.D. Pa. Feb. 10, 1995). However, the Court declines to impose sanctions on Plaintiffs' counsel based on the deficiencies in Seidel's

statement. While Seidel's statement lacked substance, it was not so egregiously insufficient that no attorney could conclude in good faith that the statement satisfied the requirements of Rule 1042.3. *See Koppel v. Case*, 2 Pa. D. & C. 5th 373, 386 (Pa. Ct. Com. Pl. 2007). Further, there is no doubt that Seidel, a licensed attorney for more than thirty-five years, was qualified to give a legal opinion. *See id.* at 384. Therefore, the Court concludes that Plaintiffs' counsel's certification of merit does not warrant the imposition of sanctions under Rule 1042.9(b).

Second, Defendants correctly argue that Plaintiffs' counsel should have filed a separate certificate of merit for each defendant. Pa. R. Civ. P. 1042.3(b)(1). However, because Defendants represented Plaintiffs together in the original suit and jointly engaged in the complained-of conduct, the Court finds that Plaintiffs' counsel substantially complied with the requirements of Rule 1042.3, and Defendants did not suffer prejudice as a result of the technical violation. *See Womer v. Hilliker*, 908 A.2d 269, 276 (Pa. 2006) (concluding that courts may excuse minor procedural errors under Rule 1042.3 if the party substantially complied with the requirements and the opposing party was not prejudiced). Accordingly, the Court again declines to impose litigation sanctions against Plaintiffs' counsel.


## III.      CONCLUSION

For the foregoing reasons, Defendants' motions for sanctions are denied. An Order consistent with this Memorandum will be docketed separately.